**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 1 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PASTOR VEGA-RAYO, | No. 14-72812 |
| Petitioner, | Agency No. A095-297-004 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 26, 2016**

Before:    SCHROEDER, CANBY, and CALLAHAN, Circuit Judges.

Respondent's request to lift the stay of proceedings (Docket Entry No. 25) is

granted.

Pastor Vega-Rayo, a native and citizen of Mexico, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reconsider

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

and reopen removal proceedings. Our jurisdiction is governed by

8 U.S.C. § 1252. We review for abuse of discretion. *Cano-Merida v. INS*, 311

F.3d 960, 964 (9th Cir. 2002). We deny in part and dismiss in part the petition for

review.

The BIA did not abuse its discretion in denying Vega-Rayo's motion to

reconsider because Vega-Rayo failed to identify any error of law or fact in the

BIA's prior order. *See* 8 C.F.R. § 1003.2(b)(1).

The BIA did not abuse its discretion in denying Vega-Rayo's motion to

reopen because it was untimely and number-barred, *see* 8 C.F.R. §1003.2(c)(2),

and Vega-Rayo failed to demonstrate he qualified for an exception to the time and

number limits for filing a motion to reopen, *see* 8 C.F.R. § 1003.2(c)(3)(ii);

*Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (the BIA may deny a

motion to reopen based on changed circumstances for failure to establish "prima

facie eligibility for the relief sought"). We lack jurisdiction to consider Vega-

Rayo's contentions as to membership in a particular social because he did not raise

them to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004)

(petitioner must exhaust claims in administrative proceedings below).

Finally, we lack jurisdiction to review the BIA's refusal to reopen

14-72812

proceedings sua sponte. *See Mejia-Hernandez v. Holder*, 633 F.3d 818, 823-24 (9th Cir. 2011); *cf. Bonilla v. Lynch*, No. 12-73853, 2016 WL 3741866 (9th Cir. July 12, 2016).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part**.